UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Clifford E. Avery

Adult Correctional Institution
Cranston, Rhode Island 02920

United States District Court
District of Rhode Island
C.A. No.____________________

Clifford E. Avery, Petitioner

v

Ashbell T. Wall, Director, Rhode Island Department of Corrections, who has custody of Petitioner pursuant to New England Interstate Corrections Compact; William Wrenn, Commissioner, New Hampshire Department of Corrections, Respondents /

**PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 OR IN THE ALTERNATIVE THE ALL WRITS ACT 28 U.S.C. § 1651**

**PETITION:**

1. Petitioner is illegally and unconstitutionally imprisoned and restrained of his liberty and detained under color of authority of the State of New Hampshire, in the custody of William Wrenn, Commissioner of New Hampshire Department of Corrections, Merrimack County, State of New Hampshire.

2. The sole claim and authority by which the said William Wrenn, Commissioner of New Hampshire Department of Corrections, so restrains Petitioner is a Mittimus of the Superior Court of the State of New Hampshire, in the County of Merrimack, a copy of said Mittimus is attached as well as the indictment and hereinafter referred to by exhibit number 1. Pursuant to the New England Interstate Correction Compact, Petitioner is incarcerated at the John J. Moran Medium Security Facility of the Rhode Island Adult Correctional Institution, Cranston, Rhode Island.

3. The Mittimus was based upon an indictment, and judgment of conviction for murder in the first degree.

4. The Superior Court for Merrimack County, Concord, New Hampshire entered the judgment of conviction under attack herein.

5. Said judgment of conviction was entered on May 19, 1975.

6. Petitioner was sentenced to a minimum term of 18 years and a maximum term of life imprisonment, pursuant to NH RSA 607:41a.

7. The indictment charged Petitioner with one count of murder of Lee Ann Greeley on December 16, 1973, pursuant to NH RSA 585:1.

8. Petitioner entered a plea of not guilty to the single count in June 1974.

9. Petitioner's trial took place during the period from May 9, 1975 through May 19, 1975, on the single count indictment, pursuant to NH RSA 585:1.

10. Petitioner filed a direct appeal from the judgment of conviction. a) Petitioner appealed the judgment of conviction to the New Hampshire Supreme Court; b) the judgment of conviction was affirmed; c) the decision affirming the judgment of conviction was entered on March 5, 1985.

11. Petitioner has previously filed petitions and motions with respect to the judgment of conviction in State and Federal courts. The procedural history of such is contained in pages 1 through 16 of the accompanying Petition for a Writ of Habeas Corpus. Petitioner hereby incorporates by reference and makes a part hereof to this instant petition said procedural history. SEE Habeas Petition, Exhibit 2.

12. The verdict of the jury, the judgment of conviction, the sentence of 18 years to life and Petitioner's imprisonment are completely illegal and unconstitutional ab initio and are without Due process of Law, Equal Protection of the Laws, and in violation of the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments of the United States Constitution by reason of the Grounds and supporting facts set forth in pages 17 through 251 of the accompanying Habeas Petition, Exhibit 2.

**GROUND ONE:**

> THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDPA), IS UNCONSTITUTIONAL ON ITS FACE AND/OR AS APPLIED TO THE PETITIONER, BECAUSE PETITIONER, **ON THE RECORD IS ACTUALLY AND FACTUALLY INNOCENCE OF THE PARTICULAR CRIME OF CONVICTION AND HE CAN PROVE HIS ACTUAL INNOCENCE AS A MATTER OF LAW AND FACT FROM THE EXISTING RECORD EVIDENCE**. BUT AEDPA COMPLETELY AND UNCONSTITUTIONALLY PRECLUDES HIM FROM ACCESS TO ANY JUDICIAL FORUM WHATSOEVER FOR CORRECTIVE JUDICIAL PROCESS OF HIS ACTUAL INNOCENCE CLAIMS. AS SUCH, UNDER THE FACTS AND CIRCUMSTANCES OF THIS PARTICULAR CASE, AEDPA ILLEGALLY AND UNCONSTITUTIONALLY IS KEEPING PETITIONER IMPRISONED, WHEN, **ON THE RECORD AND AS A MATTER OF LAW HE IS ACTUALLY AND FACTUALLY INNOCENT OF THE CRIME OF CONVICTION**

Supporting Facts:

Petitioner, **as a matter of law and fact is actually innocent of the crime of conviction and sentence imposed upon him.** With respect to this claim of actual innocence as a matter of law and fact, such claim **is provable on the existing record evidence.** Further, through absolutely no fault of Petitioner, these actual innocence claims have never

been reviewed on their merits by either direct appeal or post conviction by any court, state or federal. The only reason why Petitioner, who is innocent, remains illegally and unconstitutionally imprisoned is because he has been deprived completely of access to **any** judicial forum for review on the merits of his actual innocence claims solely because of AEDPA.

This injustice occurred as a result of the deprivation of a host of Petitioner's Federal and State constitutional rights—which in fact did prevent him from showing his actual innocence to the crime of conviction and did in fact cause him to be wrongly convicted for a murder he did not commit. Subsequently, through no fault of his and in large part due to a corruption of State corrective judicial process, absolutely no hearing on the merits of his actual innocence claims have to date ever been afforded Petitioner by **any** court, state or federal.

Due to the violation of Petitioner's constitutional rights and a corruption of State corrective judicial process, exhaustion of State court remedies was not completed in this unique and extraordinary case until October 2002. Petitioner was not informed of the completion of State exhaustion until March 2003.

On October 14, 2005, Petitioner filed in the First Circuit Court of Appeals an "Application For Leave To File A Second Or Successive Habeas Corpus Petition 28 U.S.C. § 2244 (b) By A Prisoner In State Custody." With his Application, Petitioner also submitted to the Court his Petition For A Writ of Habeas Corpus and five (5) appendices he wished to file in Rhode Island Federal District Court. In both his Application and Habeas Corpus petition, Petitioner asserted his actual innocence. On November 9, 2005, without any written explanation, the

First Circuit denied Petitioner's Application. SEE Court's decision, Exhibit 3.

On January 27, 2006, Petitioner sent to the United States Supreme Court a "Petition For Review and Corrective Judicial Process Pursuant To Article III, Section 2, Clause 2 of the United States Constitution and 28 U.S.C. § 1251(a). The All Writs Act 28 U.S.C. § 1651,Petition For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." Petitioner was requesting the Supreme Court to: 1) Review the First Circuit's decision and 2) to entertain his Petition For a Writ of Habeas Corpus as an original habeas corpus petition. SEE Habeas Petition Exhibit 2.

On March 7, 2006, the Petition For a Writ of Habeas Corpus was filed in the Supreme Court and placed on the docket March 7, 2006 as No. 05-9554. On March 27, 2006 the Court declined to entertain the habeas petition. SEE letter from Supreme Court declining Petition, Exhibit 4.

The Supreme Court's declination to entertain Petitioner's habeas petition as an original habeas petition, has left Petitioner, who is innocent of the crime of conviction, **on the record and as a matter of law**, completely without access to any judicial forum whatsoever for corrective judicial process of his actual innocence claims, provable from the existing record evidence. As previously said, these actual innocence claims have never, in either direct appeal or post conviction, been afforded any review on their merits by any court, State or Federal.

Petitioner was not only convicted for a particular crime that was **not criminal under the statutes.** He was as a matter of law and fact charged, convicted and sentenced under a **void** statute and or law. This **void** statute was also unconstitutional in its application to the

Petitioner, depriving the State court of personal and subject matter jurisdiction. Petitioner's trial, conviction and sentence are illegal, and completely null and void ab initio.

Petitioner asserts that Grounds 1 through 3 in his accompanying habeas petition, if provided review on their merits, are each independently dispositive of the case **as a matter of law,** and each independently **on the record as a matter of law establish Petitioner's actual and factual innocence to the crime of conviction.** Petitioner submits to the Court that because its completely undisputed he was charged under RSA 585:1, his actual innocence and habeas determination can be made purely as a matter of law with no hearing or factfinding necessary. SEE Grounds 1 through 3, particularly 1 and 2 of the accompanying Habeas Petition, Exhibit 2.

To allow such conviction to stand has and continues to result in a complete miscarriage of justice. Exacerbating this miscarriage of justice and turning the Constitution and Laws of the United States on their heads is the continued imprisonment of Petitioner, who is innocent and the complete absence of any judicial forum for redress of such a gross miscarriage of justice and a fundamentally unjust incarceration.

Petitioner asserts that where AEDPA forecloses all judicial review as it has in the case at bar, in which he asserts that, **on the record, he is, as a matter of law actually innocent of the particular crime of which he stands convicted,** then AEDPA on its face and as applied to him is unconstitutional. Specifically Petitioner argues that AEDPA has effectively suspended the Great Writ of Habeas Corpus in contravention of the Constitution's suspension Clause Article 1, § 9, cl.2 and violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the

Eighth Amendments prohibition against cruel and unusual punishment.

**CONCLUSION:**

Based upon the above and foregoing and the accompanying Exhibits 1 through 4, Petitioner respectfully urges this Honorable Court for the following relief:

A) Declare AEDPA unconstitutional on its face and/or as applied to Petitioner and this particular case because it has effectively suspended the Great Writ of Habeas Corpus in contravention of the Suspension Clause Article 1, § 9, cl.2 and is violative of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the Eighth Amendments prohibition against cruel and unusual punishment.

B) Based upon Grounds 1-3 in Exhibit 2. Declare purely as a matter of law on the record evidence, that Petitioner is actually and factually innocent of the particular crime of conviction.

C) Based upon Grounds 1-3 in Exhibit 2. Declare purely as a matter of law on the record evidence, that Petitioner's trial, conviction and sentence are illegal, null and void ab initio.

D) That the Court relieve Petitioner of the illegal and unconstitutional restraint on his liberty and release him forthwith by issuing a writ of habeas corpus.

August 25, 2006

Respectfully submitted,

Clifford E. Avery, Pro se
Post Office Box 8274
Cranston, Rhode Island 0292

I do declare under the penalty of perjury that the above and foregoing is true and correct.

Clifford Avery
Clifford E. Avery

**EXHIBIT 1**

MARTIN F. LOUGHLIN, P.J.

It is therefore considered by the court that the said

EDGAR CLIFFORD AVERY, JR.

be imprisoned at hard labor in the state prison, for a term of LIFE

and stand committed till sentence be performed, or until he be otherwise discharged by due course of law. In accordance with the mandate of RSA 651:45 c this Court certifies that the murder of Lee Ann Greeley was not psycho-sexual in nature.

A true copy of the record. Examined.

Attest: Clerk.

# The State of New Hampshire

MERRIMACK, SS.

SUPERIOR COURT, April Term 19 75

ORDERED BY THE COURT, that the sheriff of the County of Merrimack, as soon as conveniently may be, remove the said Edgar Clifford Avery, Jr. to the state prison in Concord, in the County of Merrimack; and deliver him to the warden of the state prison, who is required to receive the said convict into said state prison, and him there imprison at hard labor, according to law, for a term of LIFE

or until he be discharged by due course of law. In accordance with the mandate of RSA 651:45 c this Court certifies that the murder of Lee Ann Greeley was not psycho-sexual in nature.

A true copy of conviction, judgment, and order thereon.

Attest: Clerk.

Dated May 20 1975.

N.H.S.P. Warden's Office No. 1116

MAY 20 1975

No. 1953

STATE vs. EDGAR CLIFFORD AVERY, JR.

MITTIMUS to STATE PRISON

MERRIMACK, SS. 19 75

Pursuant to the within precept, I have removed the within named Edgar Clifford Avery Jr. to the state prison in Concord in the County of Merrimack, and there delivered him to the warden thereof, and at the same time I gave to the said warden a copy of the conviction, judgment and order of the court thereon against the said convict, attested by the clerk of the court within named, of which the within is a true copy, with this my return endorsed thereon.

Attest: Sheriff.

EXHIBIT 1

Appendix 1

# The State of New Hampshire

MERRIMACK, SS.

At the SUPERIOR COURT, holden at Concord within and for the county of Merrimack, on the first [illegible] Wednesday of June, in the year of our Lord one thousand nine hundred and seventy-four

PRESENT—THE HONORABLE Presiding Justice.

The grand jurors for the State of New Hampshire, upon their oath, present that

EDGAR CLIFFORD AVERY, JR.

of Concord in the County of Merrimack aforesaid, on the 16th day of December in the year of our Lord one thousand nine hundred and seventy-three at Bow in the County of Merrimack aforesaid, with force and arms,

did feloniously, willfully and of his malice aforethought, with premeditation and deliberation, kill and murder one Lee Ann Greeley of Concord,

contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.

The said Edgar Clifford Avery, Jr., on June 6, 1974, , being arraigned, pleads not guilty, and thereof puts himself on the country for trial. And thereupon on [illegible] May 5 through May 19, 1975, the Attorney General and counsel for the Defendant having been fully heard upon the evidence, the cause is committed to a Jury, sworn according to law, to try the issue, who make return of their verdict thereon on May 19, 1975, upon oath and say that said Edgar Clifford Avery, Jr. is guilty of murder in the first degree.

EXHIBIT 11

# The State of New Hampshire

MERRIMACK, SS.

TO THE SHERIFF OF OUR COUNTY OF MERRIMACK OR HIS DEPUTY:

**Whereas**, *at the Superior Court, holden at Concord, within and for the County of Merrimack, aforesaid, on the* first Wednes *day of* June *in the year of our Lord one thousand nine hundred and* seventy-four THE GRAND JURORS FOR THE STATE OF NEW HAMPSHIRE, have returned an Indictment charging

EDGAR CLIFFORD AVERY, JR.

of Concord, County of Merrimack, and State of New Hampshire, with the offense of Murder, (R.S.A. c. 585:1), a copy of which Indictment is annexed hereto.

**We command you**, therefore, that without delay, you apprehend the body of the said Edgar Clifford Avery, Jr. (if to be found in your precinct, and bring him forthwith before our Superior Court, now holden at Concord, within and for the County of Merrimack aforesaid, to answer to said indictment; and make return of this Writ with your doings therein.

*Witness*, WILLIAM F. BATCHELDER Esquire, the 5th day of June Anno Domini 19 74.

[signature] CLERK.

XXXXXXXXXX
XXXXXXX

Xxxxx.

RSA 585:1

EXHIBIT 1

# STATE OF NEW HAMPSHIRE

MERRIMACK , S S.

At the Superior Court, holden at Concord , within and for the County of Merrimack aforesaid, on the first ~~Tuesday~~ Wednesday of June in the year of our Lord one thousand nine hundred and seventy-four ,

The GRAND JURORS FOR THE STATE OF NEW HAMPSHIRE, upon their oath, present that

EDGAR CLIFFORD AVERY, JR.

of Concord in the County of Merrimack aforesaid

on the sixteenth day of December in the year of our Lord one thousand nine hundred and seventy-three at Bow in the County of Merrimack aforesaid, with force and arms, did feloniously, willfully and of his malice aforethought, with premeditation and deliberation, kill and murder one Lee Ann Greeley of Concord

contrary to the form of the Statute, in such case made and provided, and against the peace and dignity of the State.

This is a true bill.

Thomas D. Rath ........ ~~Attorney General~~

[signature] ........ Foreman