**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CLIFFORD E. AVERY**

**v.** **C.A. No. 06-397ML**

**ASHBEL T. WALL, et al**

**STATE OF RHODE ISLAND'S MOTION TO TRANSFER VENUE**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, respectfully moves to transfer venue of this case to the United States District Court for the District of New Hampshire.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman________
**AARON L. WEISMAN #4438**
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
aweisman@riag.ri.gov

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 3rd day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by placing a copy of the within document in the first-class U.S. mail, postage prepaid, to the pro se petitioner: Clifford E. Avery, at his last known address of P.O. Box 8274, Cranston, RI 02920.

/s/ Aaron L. Weisman___________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CLIFFORD E. AVERY**

**v.** **C.A. No. 06-397ML**

**ASHBEL T. WALL, et al**

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

Clifford E. Avery has filed the instant "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody", to challenge a 1975 judgment of conviction and sentenced, for first degree murder, entered by the Superior Court for Merrimack County, Concord, New Hampshire. (*Please see* Petition For A Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254 *** at 2.) Petitioner's only connection to Rhode Island appears to be that, pursuant to the New England Interstate Corrections Compact, he is currently being incarcerated in the Rhode Island Adult Correctional Institutions. (*Id.*)

"Where a prisoner is confined in one state pursuant a sentence imposed following a conviction in a different state, the sentencing state is the prisoner's true custodian." Barnes v. Florida Parole Commission, 2004 WL 1553610,* 3 (D. Conn.). That is, "[i]n the context of interstate transfers, the sending state remains the custodian of the petitioner, while the receiving state merely acts as an agent for the sending state." (Robinson v. Atkinson, 2004 WL 1798129, * 4 (S.D.N.Y.).) As applied to the instant petition under 28 U.S.C. § 2254, there is every reason that the matter should be transferred to the United States District Court for the District of New Hampshire:

Petitioner is challenging a New Hampshire judgment of conviction and sentence; he appears to predicate such challenge solely on factors relating to his "actual" guilt or innocence as adduced in the relevant New Hampshire state court proceedings; and he appears to have already challenged his judgments of conviction and sentence in the New Hampshire state courts, in the United States District Court for the District of New Hampshire, and in the United State Court of Appeals for the First Circuit.

Under these circumstances, the State would respectfully suggest that the appropriate New Hampshire, and not Rhode Island, State officials are the proper Respondents to answer the claims that Petitioner has made with respect to his 1975 judgment of conviction and sentence, for first degree murder, entered by the Superior Court for Merrimack County, Concord, New Hampshire.

Wherefore, the State of Rhode Island would respectfully move to transfer venue of this case to the United States District Court for the District of New Hampshire.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman________
**AARON L. WEISMAN #4438**
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-2995 (fax)
aweisman@riag.ri.gov

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 3rd day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by placing a copy of the within document in the first-class U.S. mail, postage prepaid, to the pro se petitioner: Clifford E. Avery, at his last known address of P.O. Box 8274, Cranston, RI 02920.

/s/ Aaron L. Weisman____________________