UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

2006 NOV 16 P 2:27

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

Clifford E. Avery

v C.A.No. 06-397ML

Ashbell T. Wall, et al

**PETITIONER'S OBJECTION TO RESPONDENT'S MOTION TO TRANSFER VENUE**

Now comes the Petitioner Clifford E. Avery, in pro se and for the reasons stated in the accompanying memorandum of law, respectfully requests this Court to deny Respondent's motion to transfer venue of this action to the District Court for the District of New Hampshire.

Respectfully submitted,

Clifford Avery

Clifford E. Avery, Pro se
Post Office Box 8274
Cranston, RI 02920

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November 2006, a copy of this document was mailed to Aaron L. Weisman, Assistant Attorney General, 150 South Main Street, Providence, RI 02903, first class postag pre-paid.

Clifford Avery

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Clifford E. Avery

v

C.A.No. 06-397ML

Ashbell T. Wall, et al

**PETITIONER'S MEMORANDUM IN SUPPORT OF HIS OBJECTION TO RESPONDENT'S MOTION TO TRANSFER VENUE**

While Petitioner was convicted of a particular non-criminal offense under a void law in New Hampshire. And while New Hampshire may be the true custodian. This Court does have jurisdiction and concurrent jurisdiction to adjudicate Petitioner's habeas corpus petition.

A. Motion To Transfer

1. Change of Venue in habeas corpus proceedings

In civil cases, the venue can be changed under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought

28 U.S.C. § 1404(a).

2. Proper Forum

The Respondent's motion to transfer may be granted if the instant case might also have been instituted in New Hampshire. While

subject matter may exist in New Hampshire. This Court has concurrent jurisdiction as well as personal jurisdiction.

a. Personal Jurisdiction

Federal district courts may grant petitions for writs of habeas corpus "within their respectfive jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has intepreted this phrase to require "nothing more than that the court issuing the writ have jurisdiction over the custodian" of the petitioner. Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484,494-95, 35 L.Ed 2d 443, 93 S.Ct. 1123 (1973). ("The writ does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Id. at 495. "It is now clear that a federal habeas petition may be brought in any court with jurisdiction over the prisoner or his custodian." Smart v. Goord, 21 F.Supp 2d at 314.

A habeas corpus action may be transferred pursuant to 28 U.S.C. § 1404(a) if a change of venue would serve the interests of convenience and justice. Petitioner asserts that neither of these interests will be served by transferring venue to the District of New Hampshire.

3. Convenience Analysis

A district court has broad discretion in determining whether or not to transfer. In re Cuyahoga Equipment Corp., 980 F.2d 110, 117 (2nd Cir.1992). However, the moving party has the burden of demonstraing the desirability of transfer, Filmline (Cross-Country) Productions, Inc. v United Artists Corp., 865 F2d 513,521 (2nd Cir.1989), and must make a "clear-cut showing" that transfer is in the best interests of the litigation. Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207, 217 (S.D.N.Y.1995). Petitioner submits that Respondent has not met

this "burden" and has not made a "clear-cut showing" that the transfer is in the best interest of the litigation. Petitioner would assert the contrary--that it would not be in the best interests of the litigation due to the corruption of State corrective judicial process as mentioned in the instant habeas petition. And as set forth in detail in the accompanying habeas petition, Exhibit 2 and in great detail in Ground 17 of Exhibit 2.

In making this decision, the court weighs a number of competing facts including: 1) the plaintiff's choice of forum, 2) the locus of the operative facts, 3) the convenience and relative means of the parties, 4) the convenience of witnesses, 5) the availability of process to compel the attendence of witnesses, 6) the location of physical evidence, including documents, 7) the relative familiarity of the courts with the applicable law, and 8) the interests of justice, including the interest of trial efficiency. Smart v. Goord, 21 F.Supp. 2d 309 at 315.

a. Petitioner's choice of Forum

A court must give significant consideration to a plaintiff's choice of venue, not disturbing it unless other factors weigh strongly in favor of transfer. See In re Warrick, 70 F.3d 736,741 (2nd Cir.1995); Eskofot A/S v. E.I. Du Pont De Nemours & Co., 872 F.Supp. 81, 96 (S.D. N.Y.1995). In the case at bar this factor favors retaining the action in the District of Rhode Island. Additionally, Petitioner asserts that none of the competing factors 2 through 7 listed above require this Court to transfer this particular case for the reasons set forth below:

As a matter of law, Grounds 1 and 2 of the Petitioner's habeas corpus petition, Exhibit 2, are the first Grounds the Court must consider.

This is so because those grounds while not only completely dispositive of the entire case. They clearly show that Petitioner, on the record evidence **as a matter of law** is actually innocent of the particular crime he stands convicted of. The Grounds also clearly show that the entire case against Petitioner is completely null and void ab initio.

Grounds 1 and 2 raise only questions of law and as such Petitioner's actual innocence and the habeas determination can be made purely as a matter of law with no hearing or factfinding necessary.

Grounds 1 and 2 clearly show that Petitioner was charged, tried, convicted and sentenced for a particular offense that was not criminal under the laws of the State. Clearly show that the law was **void** because it had been repealed and **prior** to the repeal and **subsequent** to the re-peal, **as a matter of law was not applicable to Petitioner nor the par-ticular offense charged.** As such, it is clear that the trial court was without subject matter jurisdiction and personal jurisdiction **as a matter of law.** And that Petitioner's conviction under a void law is clearly illegal, null and void ab initio.

Under the facts and circumstances of this case, none of the compet-ing factors usually considered by a court when deciding whether to trans-fer venue are not applicable and relevant to this case. The complete disposition of this case must and should be decided on Grounds 1 and 2 **as a matter of law.**

The appropriate New Hampshire officials can answer Grounds 1 and 2 through the mail. This Court can surely decide questions of law just as well as the District Court of New Hampshire can.

In the unlikely event the Court determines that Grounds beyond 1 and 2 should be considered. Then Petitioner submits that there are other Grounds that follow which are dispositive of the case which do not re-

quire witnesses, physical evidence and involve Federal constitutional rights and law.

Wherefore, based upon the above, Petitioner respectfully requests the following relief:

A) Deny the Respondent's motion to transfer venue.

B) Grant Petitioner the relief requested in his habeas corpus petition.

October 27, 2006

Respectfully submitted,

Clifford Avery

Clifford E. Avery, Pro se
P.O. Box 8274
Cranston, RI 02920

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November 2006, a copy of this document was mailed to Aaron L. Weisman, Assistant Attorney General, 150 South Main Street, Providence, RI 02903, first class postage pre-paid.

Clifford Avery

Clifford E. Avery